# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION
_____

DASHEAN KEITH WILLIAMS,

    Petitioner,

v.                                                          Case No. 17-13995

TONY TRIERWEILER,

    Respondent.

_____/

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION, GRANTING PETITIONER'S MOTION TO AMEND THE PETITION, AND DIRECTING RESPONDENT TO FILE AN ANSWER TO THE PETITION

This matter initially came before the court on Petitioner Dashean Keith Williams' *pro se* petition for the writ of habeas corpus, which challenged his state convictions for first-degree, premeditated murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. (Dkt. #1.) Currently before the court are Respondent's Motion to Dismiss the Petition (Dkt. #9) and Petitioner's Motion to Amend the Petition (Dkt. #11). For the reasons stated below, the court will deny the Motion to Dismiss and grant the Motion to Amend.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree, premeditated murder and possession of a firearm during the commission of a felony. The convictions arose from a fatal shooting in Detroit, Michigan on June 23, 2014. The trial court sentenced Petitioner to two years in prison for the firearm conviction and to life imprisonment without the possibility of parole for the murder conviction.

In an appeal of right, Petitioner raised two claims. First, he argued that his right to due process was violated when the trial judge allegedly coerced a prosecution witness to change his testimony and identify Petitioner as the shooter by threatening the witness with a charge of perjury and life imprisonment. Alternatively, Petitioner argued that his trial attorney was ineffective for failing to object to the trial court's statements. Second, Petitioner argued that the prosecution erred by introducing evidence of three witnesses' prior inconsistent statements. In the alternative, Petitioner argued that his attorney was ineffective for failing to object to the evidence or request a jury instruction on the limited use of prior inconsistent statements. The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions. *See People v. Williams*, No. 326093, 2016 WL 3707998 (Mich. Ct. App. July 12, 2016) (unpublished). The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Williams*, 500 Mich. 959; 891 N.W.2d 494 (April 4, 2017).

On December 12, 2017, Petitioner filed his initial petition for the writ of habeas corpus under 28 U.S.C. § 2254. He raised the same two claims that he presented to the state courts on direct review and a third claim which alleged that trial counsel failed to present a complete defense on Petitioner's behalf. Respondent moved to dismiss the petition on the basis that it was a "mixed" petition of two exhausted claims and one unexhausted claim because Petitioner failed to exhaust state remedies for his third claim. (Dkt. #9.) Respondent further alleged that Petitioner failed to abide by habeas rule 2(c)(2) by not stating any facts in support of his claims. Petitioner replied to Respondent's motion and also moved to amend his petition by deleting his unexhausted third claim and by including additional facts to support his exhausted claims. (Dkt. #11.)

A habeas petitioner must "state the facts supporting each ground" for relief. Rules Governing § 2254 Petitions, Rule 2(c)(2), 28 foll. U.S.C. § 2254. Additionally, the doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

The exhaustion requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). A federal district court ordinarily must dismiss a "mixed" petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Petitioner concedes that he did not exhaust any state remedies for his third claim, and he has moved to amend his petition to delete his exhausted third claim. (Dkt. #11.) The amended petition, which is attached to Petitioner's motion to amend, contains only Petitioner's first and second claims, which were raised in the Michigan

Court of Appeals and in the Michigan Supreme Court. As amended, the petition contains only Petitioner's two fully exhausted claims.

The amended petition and attached exhibits also contain facts supporting Petitioner's grounds for relief. Petitioner satisfied habeas rule 2(c)(2) by attaching to his amended petition his state appellate briefs, which set forth the facts and law regarding Petitioner's first and second claims. Additionally, Petitioner alleges that his current warden is Catherine Bauman, not Tony Trierweiler. Accordingly,

IT IS ORDERED that Respondent's Motion to Dismiss the Petition (Dkt. #9) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Amend the Petition (Dkt. #11) is GRANTED and that Respondent is DIRECTED to file an answer to the petition within sixty (60) days of the date of this order.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to amend the caption and docket for this case by substituting Catherine Bauman for Tony Trierweiler as the respondent. The new caption shall read "Dashean Keith Williams v. Catherine Bauman."

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: January 10, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 10, 2019, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522