UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DASHEAN KEITH WILLIAMS,

      Petitioner,

v.                                                    Case No. 17-13995

CATHERINE BAUMAN,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND FOR APPOINTMENT OF COUNSEL AND DENYING AS MOOT PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AND FOR WAIVER OF ALL FEES AND COSTS**

      Petitioner Dashean Keith Williams, acting *pro se*, has appealed the court's denial of his amended habeas corpus petition, which challenged his murder and felony-firearm convictions. (*See* ECF Nos. 18, 20.) Petitioner's first habeas claim alleged that the trial court violated his right to due process by threatening a prosecution witness with perjury when the witness denied seeing Petitioner shoot the victim. Petitioner argued in the alternative that trial counsel was ineffective for failing to object to the trial court's statements to the witness.

      Petitioner's second habeas claim alleged that the prosecutor erred by introducing three witnesses' prior inconsistent statements that incriminated Petitioner. Petitioner argued in the alternative that trial counsel was ineffective for failing to object to the evidence or for failing to either request a jury instruction on the limited use of prior inconsistent statements or object to the absence of such an instruction. (ECF No. 17, PageID.1302-1303.)

On January 11, 2021, the court denied the amended habeas corpus petition, declined to issue a certificate of appealability, and granted Petitioner leave to appeal *in forma pauperis*. (ECF No. 18.) Petitioner appealed the court's judgment on February 4, 2021. (ECF No. 20.) Now before the court are Petitioner's motion to proceed *in forma pauperis* and for waiver of fees and costs, (ECF No. 21), and Petitioner's motion for a certificate of appealability and appointment of counsel. (ECF No. 22.) For the reasons provided below, the court will deny both motions.

## I.  DISCUSSION

### A.  Motion to Proceed *In Forma Pauperis* and for Waiver of Fees and Costs

In his first motion, Petitioner asks the court to waive all fees and costs in this case. (ECF No. 21, PageID.1475-1476.) However, Petitioner paid the filing fee for his district court case, (*see* January 8, 2018 Docket Entry), and the court has already granted Petitioner permission to proceed *in forma pauperis* on appeal. (ECF No., PageID.1442, 1470.) Accordingly, the court denies as moot Petitioner's motion to proceed *in forma pauperis* and for waiver of fees and costs.

### B.  Motion for a Certificate of Appealability and for Appointment of Counsel

In his second motion, Petitioner seeks a certificate of appealability and appointment of counsel. He contends that he raised substantial issues in his habeas brief and that he should be permitted to have the Sixth Circuit Court of Appeals review his claims. (ECF No. 22, PageID.1479.)

Petitioner points to language in the court's January 11 opinion where the court stated that his claims were not entirely frivolous and that an appeal could be taken in good faith. The court used that language, however, when determining whether

2

Petitioner could appeal the court's judgment *in forma pauperis*. (ECF No. 18, PageID.1470.)

"The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous." *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (Rosen, J.) (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir.1997)). A certificate of appealability, on the other hand, may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

### 1. The Trial Court's Alleged Threat

The court determined in its January 11 dispositive opinion that Petitioner's claim about the trial judge's statements to a witness about perjury was procedurally defaulted. The reasons for that conclusion were that Petitioner did not make a contemporaneous objection to the trial court's statements to the witness, the Michigan Court of Appeals reviewed Petitioner's claim for "plain error," and the contemporaneous-objection rule was an adequate and independent state ground for denying review of a federal constitutional claim. (ECF No. 18, PageID.1451-1453.) The court determined that Petitioner had failed to show cause for his procedural default and that a miscarriage of justice would not result from the court's failure to address the merits of his claim. (*Id*. at PageID.1453-1458.) The court found no merit in Petitioner's claim about trial counsel's failure to object to the trial judge's comments to the witness, because the comments were proper, and an objection would have lacked merit. (*Id*. at PageID.1458-1459.)

Reasonable jurists would not find the court's procedural ruling debatable. *Slack*, 529 U.S. at 484. Reasonable jurists also would not find it debatable whether Petitioner stated a valid claim of the denial of a constitutional right. *Id.* Additionally, reasonable jurists would not find the court's assessment of Petitioner's constitutional claim about trial counsel debatable or wrong. *Id.* The court, therefore, declines to issue a certificate of appealability on Petitioner's claims about the trial judge's remarks to a witness and trial counsel's failure to object to the remarks.

4

### 2. The Evidentiary Claim and Trial Counsel's Alleged Errors

Petitioner's second habeas claim alleged that the prosecutor erred by introducing three witnesses' prior inconsistent statements. The court determined that this claim was procedurally defaulted and that it lacked merit. (ECF No. 18, PageID.1459-1468.) For all the reasons given in the court's January 11 opinion, reasonable jurists could not disagree with the Court's resolution of Petitioner's claim, nor conclude that the issue deserves encouragement to proceed further. *Slack*, 529 U.S. at 484.

Petitioner's related claim was that his trial attorney was ineffective for failing to either request a jury instruction on the proper use of prior inconsistent statements or object to the lack of an instruction on prior inconsistent statements. The court rejected this claim because trial counsel's omissions did not prejudice Petitioner. (ECF No. 18, PageID.1468-69.) Reasonable jurists would agree. *Slack*, 529 U.S. at 484. The court, therefore, declines to grant a certificate of appealability on Petitioner's related claim about trial counsel.

Finally, although Petitioner seeks appointment of counsel on appeal, that request should be directed to the Court of Appeals, where Petitioner's case presently under review. (*See* ECF No. 20.) Accordingly, the court declines to appoint counsel to assist Petitioner with his appeal.

## II.  CONCLUSION

IT IS ORDERED that Petitioner's Motion for a Certificate of Appealability and for Appointment of Counsel (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed *In Forma Pauperis* and for Waiver of Fees and Costs (ECF No. 21) is DENIED as moot.

                                                  s/Robert H. Cleland          /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2021, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner              /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-13995.WILLIAMS.MotionforCertificateofAppealabilityandAppointmentofCounselandMotiontoProceedIFP.BH.RMK.docx